United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALVAREZ CABELLO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>BOOST MOBILE/SPRINT,<br><br>Defendant. | Case No. 17-cv-01404-JSC<br><br>**ORDER DISMISSING COMPLAINT UNDER SECTION 1915 WITH LEAVE TO AMEND AND DENYING PRELIMINARY INJUNCTIONS**<br><br>Re: Dkt. Nos. 1, 2, 3, 12 |

Plaintiff Manuel Alvarez Cabello Ramirez, representing himself, brings this civil action against Boost Mobile, Sprint, and Google (collectively, "Defendants") for alleged advertising abuse and patent infringement. (Dkt. Nos. 1, 3.) On March 15, 2017, Plaintiff filed his complaint accompanied by a motion for preliminary injunction. (Dkt. No. 2.) Subsequently, on May 19, 2017, Plaintiff filed a second motion for preliminary injunction. Having considered the complaint and two motions, the Court DISMISSES the complaint with leave to amend pursuant to 28 U.S.C 1915, and DENIES Plaintiff's motions for preliminary injunction without prejudice.[1]

**BACKGROUND**

Plaintiff alleges he was instrumental in providing software upgrades to Defendants. (Dkt. No. 3 at 1.) Plaintiff states that in August 2016 he began "producing through Boost Mobile" and "acquired" Boost Mobile Wallet, Whipit Pay, Google Pay, and PayPal through his Boost Mobile device. (*Id*. at 1-2.) Plaintiff alleges he produced "cutting edge technologies using his "apparatus of communications" including his Motorola Moto Z, phone number 510-850-2699, and email address juan27ram@gmail.com. (*Id*. at 2.) Plaintiff made "various connects" and "acquired a

---

[1] Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. 636 (Dkt. No. 16.)

1　vast amount of licensed work." (*Id*.)  He alleges that various communications companies are

2　aware of his work, but that Defendants "acquire, use, and sell" his "upgraded work."  (*Id*.)

3　Plaintiff alleges that Defendants refuse to "acknowledge my person, my needs as a human being,

4　as a father."  (*Id*.)  He argues that Defendants have violated Section 230(c)(1) of the

5　Communications Decency Act ("CDA"), which states "No provider or user of an interactive

6　computer service shall be treated as the publisher or speaker of any information provided by

7　another information content provider."  (47 U.S.C Section 230(c)(1); *Id*. at 3.)  Plaintiff demands

8　compensation for "pay/benefits for software upgrades" allegedly provided by Plaintiff and his

9　phone 510-850-2699.  (Dkt. No. 1 at 1.)

## LEGAL STANDARD

11　　　　Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a

12　party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or

13　malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

14　against a defendant who is immune from such relief.

15　　　　Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language

16　of Federal Rules of Civil Procedure 12(b)(6).  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

17　2000).  The complaint therefore must allege facts that plausibly establish the defendant's

18　liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  When the complaint has

19　been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally ...

20　to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

21　2010) (citations omitted).  Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be

22　given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the

23　complaint could not be cured by amendment."  *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th

24　Cir. 1984) (internal citations and quotation marks omitted); *Lopez,* 203 F.3d at 1130-31.

## DISCUSSION

26　**I.　　Failure to State a Claim**

27　　　　A.　　Patent Infringement

28　　　　To state a claim of patent infringement, "a plaintiff must allege that the defendant makes,

1    uses, offers to sell, or sells the patented invention within the United States, during the term of the

2    patent, and without authority of the patent holder." *Advanced Cardiovascular Sys., Inc. v. SciMed*

3    *Life Sys., Inc.,* 989 F. Supp. 1237, 1249 (N.D. Cal. 1997). "A claimant is not required to set out in

4    detail the facts upon which he bases his claim, instead, the complaint  need only plead facts

5    sufficient to place the alleged infringer on notice." *Systemec Corp. v. Veeam Software Corp.*,

6    2012 WL 1965832, *2 (N.D. Cal. May 31, 2012) (citing *Phonometrics, Inc. v. Hospitality*

7    *Franchise Sys., Inc.,* 203 F.3d 790, 794 (Fed.Cir. 2000).

8         This District has concluded that to "successfully state a claim for direct infringement, a

9    plaintiff must allege five elements: (1) ownership of the allegedly infringed patent, (2) the

10   infringer's name, (3) a citation to the patent, (4) the infringing activity, and (5) citations to

11   applicable federal patent law." *Kilopass Tech. Inc. v. Sidense Corp.,* C 10–02066 SI, 2010 WL

12   5141843 (N.D. Cal. Dec.13, 2010) (citing *Phonometrics,* 203 F.3d at 794). Even in the absence of

13   direct infringement, a "party may still be liable for inducement or contributory infringement of a

14   method claim if it sells infringing devices to customers who use them in a way that directly

15   infringes the method claim." *Systemic Corp.*, 2012 WL 1965832 at 3 (quoting *AquaTex Indus.,*

16   *Inc. v. Techniche Solns.,* 419 F.3d 1374, 1379 (Fed. Cir. 2005).

17        Plaintiff fails to meet the pleading requirements for patent infringement. Plaintiff has not

18   cited to the patent he allegedly holds, identified the particular infringing activity, nor provided

19   citations to the applicable patent law. Plaintiff fails to say specifically what his patent is, and what

20   work that patent protects. "Patent infringement" or "copyright infringement" is not a claim upon

21   which relief can be granted.

22        B.    Advertising Abuse

23        Plaintiff fails to identify the applicable law under which he alleges advertising abuse. In

24   the event that Plaintiff intends to bring advertising abuse under California law, he must  "(1)

25   establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e.,

26   economic injury, and (2) show that economic injury was the result of, i.e., caused by, the unfair

27   business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v.*

28   *Superior Court*, 51 Cal. 4th 310, 322 (2011); *see also* Cal. Bus. & Prof. Code § 17204.

3

1        Advertising abuse is also prohibited by federal law. The Lanham Act requires: (1)

2 a false statement of fact by the defendant in a commercial advertisement about its own or

3 another's product; (2) the statement actually deceived or has the tendency to deceive a substantial

4 segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing

5 decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the

6 plaintiff has been or is likely to be injured as a result of the false statement, either by direct

7 diversion of sales from itself to defendant or by a lessening of the goodwill associated with its

8 products. *Skydive Ariz., Inc. v. Quattrocchi,* 673 F.3d 1105, 1110 (9th Cir. 2012).

9        Plaintiff fails to state a claim under the California Business Code as he has not identified

10 an injury, loss of money or property, nor has he pled that Defendants engaged in an unfair

11 business practiced that caused him economic injury. Plaintiff also fails to state a claim under the

12 Lanham Act, as he has not identified that Defendants have made a false statement by which

13 Plaintiff was actually deceived, nor that the deception influenced his purchasing decisions.

14        C.      Communications Decency Act

15        Section 230 of the CDA states that, "[n]o provider or member of an interactive computer

16 service shall be treated as the publisher or speaker of any information provided by another

17 information content provider." 47 U.S.C. § 230(c)(1). The CDA was enacted for two policy

18 reasons, "to promote the free exchange of information and ideas over the Internet and to encourage

19 voluntary monitoring for offensive or obscene material." *Carafano v. Metrosplash.com, Inc.,* 339

20 F.3d 1119, 1122 (9th Cir. 2003). "In light of these concerns, reviewing courts have treated §

21 230(c) immunity as quite robust, adopting a relatively expansive definition of 'interactive

22 computer service' and a relatively restrictive definition of 'information content provider.'" *Id*. §

23 230(b)(1)(2). Here, Plaintiff has identified the CDA as a potential claim, however, the CDA is

24 used as a tool for immunity by interactive computer services. Furthermore, Plaintiff has failed to

25 identify what information was provided. Therefore, Plaintiff has failed to plead a CDA claim.

26 **II.     Motions for Injunctive Relief**

27        Plaintiff filed two motions for injunctive relief, the first with his complaint on March 15,

28 2017, and the second on May 19, 2017. As discussed above, Plaintiff has failed to state a claim

upon which relief can be granted.  Accordingly, the Court DENIES Plaintiff's motions for

injunctive relief without prejudice.

**CONCLUSION**

For the reasons discussed above, the Court DISMISSES the complaint with leave to amend

pursuant to 28 U.S.C 1915, and DENIES Plaintiff's motions for preliminary injunction without

prejudice.  Plaintiff shall file his amended complaint by July 3, 2017.  Plaintiff is warned that

failure to comply with this deadline will result in dismissal of his complaint with prejudice.  The

Case Management Conference on June 15, 2017 is vacated.

This order disposes of Docket Nos. 1, 2, 3, and 12.

**IT IS SO ORDERED.**

Dated: June 12, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

5

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7 MANUEL ALVAREZ CABELLO
RAMIREZ,

Case No. 17-cv-01404-JSC

8                    Plaintiff,

**CERTIFICATE OF SERVICE**

9            v.

10 BOOST MOBILE/SPRINT,

11                    Defendant.

12        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13 District Court, Northern District of California.

14        That on June 12, 2017, I SERVED a true and correct copy(ies) of the attached, by placing

15 said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

16 depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

17 receptacle located in the Clerk's office.

18

19 Manuel Alvarez Cabello Ramirez ID: Reg. No. 76086-097
FCI Herlong
20 P.O. Box 800
Herlong, CA 96113

21

22

23 Dated: June 12, 2017

24

25                                     Susan Y. Soong
                                       Clerk, United States District Court

26
By: _____

27                                     Ada Means, Deputy Clerk to the
                                       Honorable JACQUELINE SCOTT CORLEY

28

6