UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALVAREZ CABELLO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>BOOST MOBILE/SPRINT,<br><br>Defendant. | Case No. 17-cv-01404-JSC<br><br>**ORDER SCREENING AMENDED COMPLAINT UNDER SECTION 1915**<br><br>Re: Dkt. No. 15 |

Plaintiff Manuel Alvarez Cabello Ramirez, representing himself, brings this civil action against Defendant "Boost Mobile/Sprint" for alleged unpaid wages and unlawful business practices. (Dkt. No. 15.) The Court now screens Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and concludes the complaint is deficient for the reasons set forth below.

## AMENDED COMPLAINT ALLEGATIONS

Plaintiff was "instrumental" in providing "software upgrades" to Defendant. (Dkt. No. 15 at 1.) In August 2016, Plaintiff began "producing" software through "Boost Mobile Service" and in return for his services Plaintiff received "Boost Mobile Wallet," "Whipit Pay," "Google Pay," and "Paypal" as compensation. (*Id*.) Plaintiff worked diligently for Defendant over the course of four months using his "apparatus of communications" including his "Motorola Moto Z, phone number 510-850-2699 and email address juan27ram@gmail.com." (*Id*.) Plaintiff was eventually arrested and not able to "acquire" payment. (*Id*.) Defendant engaged in an unfair business practice as a result of Plaintiff's "inability to provide proper documentation at the time of pay" which caused Plaintiff economic injury. (*Id*. at 2.)

Plaintiff seeks: (1) unpaid wages for services provided to Defendant using his "apparatus

of communications," (2) the remaining balance on his "Boost Mobile Wallet," "Whipit Pay," and "Paypal" accounts, and (3) an HB-1 visa in the "technical field" provided by Defendant. (*Id*.)

## PROCEDURAL HISTORY

On March 15, 2017, Plaintiff filed his original complaint accompanied by a motion for preliminary injunction. (Dkt. No. 2.) Subsequently, on May 19, 2017, Plaintiff filed a second motion for preliminary injunction. (Dkt. No. 12.) The Court dismissed the complaint with leave to amend concluding Plaintiff had not alleged (1) patent infringement because he failed to specify what patent he holds, (2) a violation under the Lanham Act because Plaintiff did not identify a false statement by which he was actually deceived, and (3) a violation of the Communications Decency Act because the act is used as a tool for immunity for interactive computer services and Plaintiff failed to identify what information was provided. (Dkt. No. 13.) The Court also denied Plaintiff's two motions for injunctive relief because Plaintiff failed to state a claim upon which relief can be granted. (*Id*.) The Court ordered Plaintiff to file an amended complaint by July 3, 2017. Plaintiff filed his amended complaint on June 23, 2017.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to screen any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally ...

to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. For the Court to have federal question jurisdiction, the complaint must state a claim that arises under federal law. 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

First, the complaint does not demonstrate a basis for federal question jurisdiction. Plaintiff appears to allege only state law claims including unpaid wages and unlawful business practices. Plaintiff has not identified a federal statute or right that Defendant violated that would give rise to a claim under federal law. Accordingly, Plaintiff's amended complaint allegations are insufficient to establish federal question jurisdiction.

Second, the complaint does not allege a basis for diversity jurisdiction. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Here, Plaintiff failed to demand an amount of damages greater than the jurisdictional minimum. Nor does Plaintiff provide any information concerning his citizenship or the citizenship of Defendant.

Accordingly, the Court concludes the complaint does not demonstrate a basis for federal jurisdiction because the complaint does not allege that Defendant violated Plaintiff's federal rights nor does it allege facts sufficient to establish diversity jurisdiction, and therefore fails Section 1915 review.

3

**CONCLUSION**

For the reasons stated above, Plaintiff's amended complaint allegations are insufficient. Plaintiff must clearly provide the legal and factual basis for his claims as well as this federal court's jurisdiction to hear the claims. Any amended complaint must be filed by March 5, 2018. As the basis for the Court's ruling is jurisdictional, Plaintiff may choose to pursue his claims in state court. If Plaintiff does not file an amended complaint by March 5, 2018, the Court will recommend that the complaint be dismissed without prejudice for lack of subject matter jurisdiction.

The Court encourages Plaintiff to refer to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)782-8982, for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated: February 2, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge